UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCOTLAN GUZMAN,<br><br>      Plaintiff,<br><br>      v.<br><br>TARGET CORPORATION and ASSA ABLOY ENTRANCE SYSTEMS US, INC.,<br><br>      Defendants. | No. 18 CV 4508<br><br>Magistrate Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Ocotlan Guzman ("Guzman"), alleges that she was visiting a Target store in Chicago when the store's automatic front doors came loose and fell towards her, injuring her arm and shoulder. Guzman filed a lawsuit against Target Corporation ("Target") and ASSA Abloy Entrance Systems U.S., Inc. ("Assa Abloy") (collectively, "Defendants"). On June 28, 2018, the case was removed from state court to this Court based on diversity jurisdiction. (Dkt. 1). The parties consented to the jurisdiction of the Magistrate Judge. (Dkt. 12). On August 2, 2018, Guzman filed her First Amended Complaint, alleging negligence and *res ipsa loquitur* in four counts against Defendants. (Dkt. 11). Defendants now move to dismiss Guzman's *res ipsa loquitur* claims (Counts II and IV) under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, Defendants' Motion to Dismiss [17] is DENIED.

1

## I. ALLEGATIONS

In her First Amended Complaint (Dkt. 11) ("Complaint")[1], Guzman alleges that Target owned, operated, and maintained a Target store located on Diversey Avenue in Chicago, Illinois. (Compl. ¶ 9).[2] Assa Abloy owned, operated, and maintained the automatic front doors at that store. (*Id.* at ¶ 25). On May 24, 2016, at approximately 9:30 a.m., Guzman was a customer at the store when the automatic front doors came loose as the door was opening and the door fell towards her. She reached up with her left arm to shield herself, injuring her left arm and shoulder. (*Id.* at ¶ 10). Because of the front door failure at Target, Guzman sustained serious injuries and other damages. (*Id.* at ¶¶ 16, 32).

Guzman alleges that Defendants and their employees and/or agents created or failed to remedy the hazardous condition and/or warn patrons of the condition and failed to inspect or maintain the automatic front doors. (*Id.* at ¶¶ 11, 27). She claims that her injury was caused by the automatic front door which was under Target's control and management and her injury would not have occurred if Target had used ordinary care while the door was under its control and management. (*Id.* at ¶¶ 14–15). As for Assa Abloy, she similarly alleges that her injury was caused by the automatic front door which was under Assa Abloy's control and management and her

---

[1] The Court accepts as true "all factual allegations in the [] complaint and draw[s] all permissible inferences in [plaintiff's] favor." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (internal citations and quotations omitted).

[2] The Court notes that the Complaint states that the damages sought are in excess of $75,000 but it does not contain "a short and plain statement of the grounds for the court's jurisdiction" pursuant to Rule 8(a)(1). Jurisdiction is not disputed, however, and in the notice of removal to this Court, Defendants provided the basis for this Court's diversity jurisdiction. (Dkt. 1, p. 4, ¶¶ 3–4).

2

injury would not have occurred if Assa Abloy had used ordinary care while the door was under its control and management. (*Id.* at ¶¶ 30–31).

## II. LEGAL STANDARD

Under Rule 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; the purpose is not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A determination of the sufficiency of a claim must be made "on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, a plaintiff "must satisfy two conditions: first, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Horning v. Lab. Corp. of Am.*, No. 09 C 3421, 2009 U.S. Dist. LEXIS 80866, at *4 (N.D. Ill. Sep. 3, 2009) (internal citations omitted).

## III. DISCUSSION

Defendants argue that *res ipsa loquitor* does not apply as a matter of law in this case. They ask the Court to dismiss Guzman's *res ipsa loquitor* counts because the

facts pled "do not show that the occurrence is one that ordinarily does not occur in the absence of negligence - or that either defendant had exclusive control of the door at issue." (Dkt. 17 at 3). However, Defendants have failed to show that dismissal under Rule 12(b)(6) is warranted.

### A. The doctrine of *res ipsa loquitor*

*Res ipsa loquitor* is "an evidentiary rule which allows an inference of negligence to be drawn from a certain set of facts." *Newell v. Westinghouse Elec. Corp.*, 36 F.3d 576, 578 (7th Cir. 1994) (internal citation omitted). The doctrine allows "proof of negligence by circumstantial evidence when the direct evidence concerning cause of injury is primarily within the knowledge and control of the defendant." *Metz v. Cent. Ill. Elec. & Gas Co.*, 32 Ill. 2d 446, 449 (Ill. 1965). To prevail under a *res ipsa loquitur* theory under Illinois law, a plaintiff must demonstrate that she "was injured: (1) in an occurrence that would not have happened in the absence of negligence; and (2) by an instrumentality under the management or control of the defendant." *Aguirre v. Turner Const. Co.*, 501 F.3d 825, 831 (7th Cir. 2007) (internal citation omitted). The "control" element is flexible, not rigid. *Smith v. United States*, 860 F.3d 995, 1000 (7th Cir. 2017).

Courts have acknowledged that a plaintiff may separately plead *res ipsa loquitur* even though it is "not a separate theory of recovery." *In re Chi. Flood Litig.*, No. 93 C 1214, 1993 U.S. Dist. LEXIS 8754, at *13 (N.D. Ill. June 23, 1993). "[B]ecause *res ipsa loquitur* is a rule of evidence, and not a cause of action, a plaintiff need not plead the elements of *res ipsa* in her complaint in order to use it at trial." *Assenato v. Target*

4

*Corp.*, No. 11 C 6846, 2012 U.S. Dist. LEXIS 8014, at *5 (N.D. Ill. Jan. 24, 2012) (internal citation omitted). When pled, it is "primarily to give notice." *Belknap v. Ford Motor Co.*, No. 03 C 50125, 2003 U.S. Dist. LEXIS 13225, at *3 (N.D. Ill. July 30, 2003). The court in *In re Chi. Flood Litig.* explained that "[t]here is nothing *per se* improper about the fact that plaintiffs have chosen to set off in a separate count their allegations entitling them to invoke the doctrine of *res ipsa loquitur*." 1993 U.S. Dist. LEXIS 8754 at *14.

### B. Guzman's claims are sufficiently pled

Guzman alleged that she was injured by automatic doors that malfunctioned and fell on her at Target's store. She further alleged that her injury would not have happened without negligence and she was injured by an instrumentality (the automatic doors) under the management or control of Defendants. These allegations give Defendants notice of Guzman's intent to invoke *res ipsa loquitur*.

In support of their motion, Defendants rely on *Britton v. U. of Chicago Hosps.*, 889 N.E.2d 706 (Ill. App. 1st Dist. 2008). They argue that *Britton* shows that *res ipsa loquitur* cannot apply to this case because Guzman or someone else may have caused her alleged injury. But *Britton* was decided on summary judgment, not a motion to dismiss. Guzman also points out that *Britton* involved not an automatic door but a revolving door, which patrons touch. The only other case cited by Defendants, *Imig v. Beck*, 115 Ill. 2d 18 (Ill. 1986), was decided after a jury trial and discussed burdens of

5

proof at trial with regard to *res ipsa loquitur*. These cases do not support dismissing Guzman's claims at this pleading stage.[3]

To the contrary, the case law shows that courts have *denied* motions to dismiss *res ipsa loquitur* counts. *See In re Chi. Flood Litig.*, 1993 U.S. Dist. LEXIS 8754; *Massa v. Michaels Stores, Inc.*, No. 13-3297, 2013 U.S. Dist. LEXIS 159444 (C.D. Ill. Nov. 7, 2013); *Belknap*, 2003 U.S. Dist. LEXIS 13225. In *Assenato*, the court specifically stated that "[a] determination of the applicability of a *res ipsa* theory awaits further factual development, most likely at the summary judgment stage." 2012 U.S. Dist. LEXIS 8014 at *9.

The allegations in *Massa v. Michaels Stores* were similar to those here—plaintiff was injured by automatic electronic entry doors at a Michaels store. 2013 U.S. Dist. LEXIS 159444 at *2. Michaels argued that plaintiff's *res ipsa* claim should be dismissed because the doors were not within its "exclusive control" because they were serviced and maintained by Nabco, another defendant. *Id.* at *3–4. The Court denied defendant's motion to dismiss, explaining that "exclusive control" is not always required. *Id.* at *4–5. Defendants here make the same argument about Target and Assa Abloy's control of the door. But "exclusive control" is not a rigid standard, *Smith*, 860 F.3d at 1000, and the presence of multiple defendants does not render *res ipsa* inapplicable. In *Decatur and Macon County Hosp. Ass'n v. Erie City Iron Works*, 220 N.E.2d 590 (Ill. App. 4th Dist. 1966), a lawsuit was filed after a gas-fired boiler

---

[3] *Smith,* 860 F.3d at 1000, a case discussed by both parties, was decided on summary judgment and is not dispositive of the specific question here of whether Guzman's claims can survive Defendants' Rule 12(b)(6) motion.

6

exploded; the boiler was manufactured by one defendant and installed by the other. The Court rejected defendant's argument that *res ipsa loquitur* should not apply because there were multiple defendants. *Id.* at 598. *See also Aguirre,* 501 F.3d at 832 ("joint control of the sort TBMK and A.L.L. shared over the scaffolding design and construction is not a bar to the application of *res ipsa loquitur* in such a circumstance.").

In their reply brief, Defendants explain that buttons and switches can manually operate the automatic door and any customer could access them to impact the door's operation. (Dkt. 25 at 2). In other words, Defendants ask the Court to consider matters outside of the Complaint, which is not proper on a motion to dismiss. *See Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010) (A Rule 12(b)(6) "is decided solely on the face of the complaint and any attachments that accompanied its filing.").

In sum, Guzman's *res ipsa loquitur* claims are adequately pled and Defendants' motion to dismiss must be denied.

## IV. CONCLUSION

For the reasons stated, Defendants' Rule 12(b)(6) Motion to Dismiss [17] is DENIED. Defendants shall answer Counts II and IV in the First Amended Complaint on or before November 28, 2018. Status hearing set for November 28, 2018 at 9:30 am remains set. Parties should be prepared to report on the status of discovery.

Dated: November 14, 2018          E N T E R:

                                                MARY M. ROWLAND
                                                United States Magistrate Judge

8